**The Ronald Law Group, LLC**
4960 William Flynn Hwy ▪ Ste 6, PMB 308 ▪ Allison Park, PA 15101
Office: 412.680.5802 ▪ Fax: 412.202.9554

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 19 2012
JOHN LEY
CLERK

October 19, 2012

United States Court of Appeals for the Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, GA 30303
Attn: John Ley, Clerk of Court

Re:   *Unique Sports Products, Inc. v. Ferrari Importing Company*
      11th Circuit Docket Number: 11-15586-F
      Date of Oral Argument: October 3, 2012
      Judges on Panel: Hon. Gerard Bard Tjoflat, Hon. Emmett Ripley Cox, and Hon. Donald W. Molloy (by designation)

To the Clerk of the Court:

At oral argument on October 3, 2012, an issue arose that neither party had briefed. As a result, Judge Tjoflat verbally ordered the parties to submit a letter brief to the Court within ten days on the following issue:

**Issue Presented**

Does the United States Court of Appeals have jurisdiction to review a District Court judgment of trademark validity and enforceability against a defendant in a trademark infringement action where: (1) the litigated issue of infringement of the trademark was adjudged in favor of the Defendant; (2) the issues of trademark invalidity and unenforceability were solely raised as affirmative defenses; and (3) the issues of validity and enforceability were made immaterial by the judgment of non-infringement on other grounds?

**Suggested Answer**

Yes. Pursuant to Supreme Court precedent, this Court has jurisdiction to review the District Court's non-essential judgment of trademark validity and enforceability and should direct the District Court to reform the judgment to eliminate that portion of the judgment.

**Pertinent Background**

This appeal is from a case between rival manufacturers of grip tape for tennis racquets. The Appellee, Unique Sports Products, is the owner of U.S. Trademark Registration No. 2,428,076 for a particular shade of blue when used in association with grip tape for sports rackets and had sued Appellant Ferrari for infringement of its trademark and other claims under the Lanham Act. While Appellant asserted affirmative defenses of invalidity and unenforceability, at the time of trial, the only claim for relief was the action for infringement prosecuted by Appellee Unique.[1] Docket No. 36, pp. 13-16.

After a bench trial on August 15 and 16 of 2011, the District Court entered *two* judgments:

---

[1] Appellant had originally filed a complaint for Declaratory Judgment in the Western District of Pennsylvania, which was transferred to the Northern District of Georgia at Case No. 1:09-cv-03374-BBM. That case, however, was voluntarily dismissed by Ferrari on January 13, 2010 in favor of the affirmative defenses asserted in the present case.

> This action having come before the court, Honorable Thomas W. Thrash, United States District Judge, having directed the Clerk to enter judgment, it is
>
> **Ordered and Adjudged** that judgment is entered *in favor of Unique Sports Products, Inc.* on Ferrari Importing Company's affirmative defenses that the Plaintiff's trademark is invalid and unenforceable, *and in favor of Ferrari Importing Company* on Unique Sports Products, Inc.'s claim for infringement.

Docket No. 135 (italicized emphasis added)[2]. As the prevailing party on the infringement action, Appellant Ferrari subsequently filed its Bill of Costs pursuant to F.R.C.P. 54(d)(1). The District Court, however, denied that request with the following Order:

> This is an action for trademark infringement. It is before the Court on the Plaintiff's Bill of Costs [Doc. 143] and the Defendant's Bill of Costs [Doc. 142]. *The Plaintiff prevailed on the Defendant's claim of invalidity and the Defendant prevailed on the Plaintiff's claim of infringement.* The Court will not award costs to either party. Each side will bear its own costs. SO ORDERED, this 10 day of January, 2012.

Docket No. 150. (emphasis added).

---

[2] Judge Thrash's Order also includes this language. See Docket No. 136 at p. 13.

Concerned that the rulings of the District Court were improper, Appellant Ferrari filed this appeal.

## Discussion

The controlling case on this issue is a strikingly similar Supreme Court case. In *Electrical Fittings Corporation et. al. v. Thomas & Betts Co. et. al.*, Plaintiff brought a patent infringement action and, in response, the Defendants raised the issue of the validity of certain claims of the patent as a defense in the nature of an affirmative defense. *Thomas & Betts Co. et al. v. Electrical Fittings Corporation et. al.*, 23 F. Supp. 920, 923 (S.D.N.Y. 1938). After hearing the case, the District Court ruled in favor of the Defendant on the issue of infringement, but also found in favor of the Plaintiff on the Defendant's affirmative defense of invalidity as to Claim 1 of the patent in suit. *Id.* at 924.

The Defendants appealed the decision of the District Court on the basis that the patent owner had not timely filed an appropriate disclaimer of a different patent claim that the District Court had found invalid with the Patent Office and requested remand for a finding that the entire patent was invalid. In response, much like the case at bar, the Plaintiff patent owner replied that the defendants had prevailed on infringement and had received all the relief they were entitled to. *Id.* The concern expressed by the

defendants in response, <u>exactly as in the present case</u>, was that because one of the claims was held valid, they would "be deprived in any subsequent litigation of their right to contest its validity since by this decree that will have become res adjudicata and so they are prejudiced by the decree." *Id.* Ultimately, however, the Second Circuit decided that, as "the validity of claim 1 [of the patent] was in no sense necessary to support the decree dismissing the bill," the defendants would not be estopped in the future from contesting the validity again. *Id.* Further, the Court held "a party may not appeal from a decree, which terminates in his favor the entire cause of action sued on, merely to obtain a review of findings which he believes erroneous but which are unnecessary to support the decree." *Id.*

On appeal from the Second Circuit, however, the Supreme Court disagreed, explaining:

> A party may not appeal from a judgment or decree in his favor, for the purpose of obtaining a review of findings he deems erroneous which are not necessary to support the decree. But here the decree itself purports to adjudge the validity of [the patent], and though the adjudication was immaterial to the disposition of the cause, it stands as an adjudication of one of the issues litigated. *We think the petitioners were entitled to have this portion of the decree eliminated, and that the Circuit Court of Appeals had jurisdiction . . . to entertain*

> *the appeal, not for the purpose of passing on the merits, but to direct the reformation of the decree.*

*Electrical Fittings Corporation et. al. v. Thomas & Betts Co. et. al.*, 307 U.S. 241, 242, 59 S.Ct. 860, 860-861 (1939). In fact, it is not at all uncommon for the nation's appellate courts to hear appeals from prevailing parties. *See, e.g., Camreta v. Greene,* 131 S. Ct. 2020, 179 L. Ed. 2d 1118 (2011)(State child protective services worker who had interviewed a child about alleged abuse and was found to have violated the Fourth Amendment in doing so, but immune from suit as an official, was permitted to appeal the Fourth Amendment finding due to the fact that both parties had a "personal stake" in the suit.)

While the Supreme Court, the Court of Appeals for the Eleventh Circuit, and numerous appellate courts persistently apply the rule from *Electrical Fittings,* there are cases where appeals filed by prevailing parties have also been declined, but such cases are easily distinguishable from the case at bar. In the case of *In Re DES Litigation,* for example, plaintiff's complaint had been dismissed by the District Court for lack of prosecution, but Appellant still wanted to appeal the decision in an attempt to overturn what it considered to be an adverse jurisdictional ruling. *In Re DES Litigation,* 7 F.3d 20 (2d Cir. 1993). The Court declined the appeal because there was no interested party opposing the appellant and because the jurisdictional order was interlocutory. *Id. at 23.* More important, however,

was that Court's response to the appellant's apparent attempted reliance on *Electrical Fittings*:

> Electrical Fittings is distinguishable in at least two ways. First, [Appellant's] brief does not ask us to vacate any portion of the *judgment*; what [Appellant] seeks is a reversal of the interlocutory rulings...Second, and more importantly, the District Court's rulings on personal jurisdiction and choice of law do not appear on the face of the judgment, as was the case with the finding of validity in *Electrical Fittings*. The judgment in this case says only that the complaint is dismissed. We therefore are confronted with an "appellant" that seeks no modification of the judgment as entered. *In these circumstances, appellate jurisdiction is improperly invoked.*

*Id.* at 25. In the present case, however, the rule *is* applicable to the case at bar because the present circumstances are nearly identical to those found in *Electrical Fittings* and modification of the judgment is requested.

In another case that is similar to , but distinguishable from, *Electrical Fittings* and the case at bar, a prevailing defendant in a patent infringement case appealed a judgment of the District Court in order to challenge rulings that had been made during the trial court proceedings that the patent was valid, *but which were not recorded in the actual judgment*. In such a case, the

Federal Circuit refused to hear the appeal. *Hill-Rom Co. v. Kinetics Concepts, Inc.*, 209 F.3d 1337 (Fed. Cir. 2000).

> Because the judgment contained no reference to the issue of the validity of the ... patent, there is no need in this case, as there was in *Electrical Fittings* ... "to have this portion of the decree eliminated."
>
> ...
>
> because the district court's ruling on the invalidity defense was not incorporated in the judgment and will have no binding effect on these or any other parties, there is no need for us to address the validity issue or, as [appellant] requests, vacate the judgment to the extent that it may be thought to incorporate a ruling on that issue.

*Id.* at 1344. But this, of course is not the situation in the case at bar. The present case, in this respect, is identical to *Electrical Fittings* because there was a judgment entered against Appellant on the non-essential issues.

Applying the rule from *Electrical Fittings*, then, upon review of an infringement action where (1) the litigated issue of infringement is adjudged in favor of the defendant; (2) trademark validity and enforceability are solely raised as affirmative defenses; and (3) despite the finding of no infringement, the litigated issues of validity and enforceability are adjudged to be against the defendant, an appellate court must "entertain the appeal, not for the

purpose of passing on the merits, but to direct the reformation of the decree." *Electrical Fittings* at 242. There is no reason why this rule, conceived in the realm of patent infringement, should not be applicable to trademark actions as well, given the structural similarity of patent and trademark infringement cases.

## Conclusion

For the foregoing reasons, this Court should review and reform the Order of the District Court for the Northern District of Georgia and vacate the judgment against Appellant on the issues of trademark validity and enforceability.[3]

Respectfully Submitted,

*/s/ Carl A. Ronald*

Carl A. Ronald
Ronald Law Group, LLC
Attorneys for Appellant
Ferrari Importing Company

4960 William Flynn Hwy
Suite 6, PMB 308
Allison Park, PA 15101
(412) 680-5802
fax (412) 202-9554
carl@ronaldiplaw.com

---

[3] If the District Court's Order is reformed, its Order on Appellant Ferrari's Bill of Costs should also be reconsidered as Appellee Unique was not truly a "prevailing party" and Ferrari should have been awarded its costs.