taylor | english

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

OCT 19 2012

JOHN LEY
CLERK

October 19, 2012

John Ley, Clerk of Court
United States Court of Appeals for the Eleventh Circuit
56 Forsyth Street N.W.
Atlanta, GA 30303

      Re:   11th Circuit Docket Number 11-15586-FF
              *Unique Sports Products, Inc. v. Ferrari Importing Company*
              Panel: Judge Gerald B. Tjoflat; Judge Emmett R. Cox; and Judge Donald W. Molloy

Dear Mr. Ley,

On October 3, 2012, the Panel heard oral argument on the above-styled case. Pursuant to the Panel's request for supplemental "letter" briefing, Appellee Unique Sports Products Inc. (hereinafter "Unique") addresses whether the Eleventh Circuit Court of Appeals has standing to entertain the appeal of Appellant Ferrari Importing Company (hereinafter "Ferrari").

The short answer to the Panel's inquiry is that the Court does *not* have jurisdiction to entertain the appeal filed by Ferrari.

### I.   BACKGROUND

Unique, a sporting goods manufacturer, makes and sells Tourna Grip, a light blue overgrip product used to wrap the pre-existing grip of a tennis racquet. The light blue color of Tourna Grip has been in use since 1977 and protected by U.S. Trademark Registration No. 2,428,076 since 2001.

Unique filed the underlying action for trademark infringement against Ferrari based on Ferrari's manufacture of two tennis grip products in light blue colors. Prior to trial, Ferrari stopped making one of the two accused products, and the trial went forward as to a single Ferrari

gauze tape product. *See* Dist. Ct. Dkt. Entry 89 (Joint Pretrial Order, April 21, 2011). As four of its affirmative defenses, Ferrari asserted that Unique's trademark in the light blue color was invalid for various reasons. *See* Dist. Ct. Dkt. Entry 49 (Amended Answer, Affirmative Defenses 9-12). Ferrari did not assert any counterclaims. *See id.*

Following a bench trial in August 2011, the District Court entered a judgment on October 28, 2011. (Dist. Ct. Dkt. Entry 135). The judgment states as follows:

> **Ordered and Adjudged** that judgment is entered in favor of Unique Sports Products, Inc. on Ferrari Importing Company's affirmative defenses that the Plaintiff's trademark is invalid and unenforceable, and in favor of Ferrari Importing Company on Unique Sports Products, Inc.'s claim for infringement.

Unique did not appeal the District Court's finding of non-infringement as to the gauze product. Ferrari appealed the merits of the ruling on its affirmative defenses, arguing that the District Court misapplied the facts and this Court's *Gift of Learning* decision, and should have found Unique's trademark to be unenforceable against Ferrari (*i.e.* that Ferrari's affirmative defenses should have succeeded). Ferrari's "Statement of the Issues" was:

1. Whether Court erred in finding in favor of Unique on Appellee Ferrari's affirmative defense "that Unique's trademark was unenforceable against Ferrari."

2. Whether Court erred in "failing to enter findings of fact and conclusions of law to support its judgment in favor of Ferrari's…affirmative defense that Unique's trademark was unenforceable against Ferrari."

*See* Brief of Appellant, p. 2. Those issues did not change in Ferrari's reply brief.

During oral argument, the Panel suggested that Ferrari might be precluded from appealing the merits of the District Court's finding of trademark validity. Upon further research, Unique's counsel has concluded that the Panel's instincts were correct, although the research was more detailed than counsel for Unique originally anticipated. It is Unique's opinion that this

Court would have had jurisdiction to vacate the District Court's judgment of validity, if Ferrari had requested that relief, and also that this Court does not have jurisdiction to address the merits of the District Court's decision as to Ferrari's affirmative defenses on invalidity.

## II. LEGAL AUTHORITY

### A. Case or Controversy and Standing

#### 1. General Requirements

Article III of the United States Constitution limits the jurisdiction of federal courts to cases and controversies. *Flast v. Cohen*, 392 U.S. 83, 94, 88 S. Ct. 1942, 1949, 20 L. Ed. 2d 947 (1968). The Supreme Court has explained "a federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12, 113 S. Ct. 447, 449, 121 L. Ed. 2d 313 (1992) (quotations omitted). "An issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Friends of Everglades v. S. Fla. Water Mgmt. Dist.*, 570 F.3d 1210, 1216 (11th Cir. 2009) (quotations omitted).

Standing, a related doctrine, requires that a party have an actual injury or claim. "Ordinarily, the prevailing party does not have standing to appeal because it is assumed that the judgment has caused that party no injury." *Agripost, Inc. v. Miami-Dade County, ex rel. Manager*, 195 F.3d 1225, 1230 (11th Cir. 1999) (citing *Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 333, 100 S.Ct. 1166, 1171, 63 L. Ed. 2d 427 (1980)). Standing problems occur on appeal when a party obtains a judgment or decree in his favor, but seeks "review of findings he deems erroneous which are not necessary to support the decree." *Deposit Guar. Nat'l Bank*, 445 U.S. at 335, 100 S.Ct. at 1172. An exception to this rule exists where the prevailing party is

3

prejudiced by the collateral estoppel effect of the district court's decision. *See Picard v. Credit Solutions, Inc.*, 564 F.3d 1249, 1256 (11th Cir. 2009).

### 2. Jurisdiction to review patent validity findings

The case or controversy and standing requirements have created much debate in intellectual property appeals like this one -- where the district court finds no infringement, yet it simultaneously adjudicates the validity of the intellectual property. Although these cases typically involve patents and not trademarks, the analysis is instructive and has been applied to appeals of a variety of cases not involving patents.

The earliest standing case involves facts very similar to those at issue in the present case -- a judgment of validity that was entered even though the issue was raised only as an affirmative defense. In *Electrical Fittings Corp. v. Thomas & Betts Co.*, 307 U.S. 241, 242 (U.S. 1939), the district court held one claim of a patent valid but not infringed. *Id.* The patentee was content with that judgment, but the successful defendant appealed, seeking a reversal of the finding of validity. *Id.* The Court of Appeals dismissed the appeal based on the rule that a prevailing party may not appeal from a judgment in its favor. *Id.* The Supreme Court reversed, and held that although the defendant could not compel the appellate court to revisit the finding of validity (which had become immaterial to the disposition of the case), it could demand that the finding of validity be vacated. *Id.* The Court explained:

> [That finding] stands as an adjudication of one of the issues litigated. We think the petitioners were entitled to have this portion of the decree eliminated, and that the Circuit Court of Appeals had jurisdiction, as we have held this Court has, to entertain the appeal, not for the purpose of passing on the merits, but to direct the reformation of the decree.

*Id.* The holding in *Electrical Fittings* therefore allows a Court of Appeals to vacate an unnecessary finding of validity when an appellant specifically requests as much *and* such a finding was unnecessary to the outcome of the lower court's decision. Importantly, *Electrical Fittings* specifically prohibits the Court of Appeals from entertaining the appeal "for the purpose of passing on the merits."

The Supreme Court was later quick to distinguish the issue of invalidity in *Electrical Fittings*, which was raised only as an affirmative defense, to the issue of invalidity in cases where invalidity was raised as a basis for a counterclaim seeking a declaratory judgment of patent invalidity. In *Cardinal Chem. Co. v. Morton Int'l*, the Court held that "[a]n unnecessary ruling on an affirmative defense is not the same as the necessary resolution of a counterclaim for a declaratory judgment." 508 U.S. 83, 93-94, 113 S. Ct. 1967, 124 L. Ed. 2d 1 (U.S. 1993). Because a party seeking a declaratory judgment of invalidity presents "a claim independent of the patentee's charge of infringement," both the District Court and the Court of Appeals have jurisdiction to consider the invalidity claim. *Id.* at 96.

Following *Electrical Fittings* and *Cardinal Chem. Co.*, the Federal Circuit made it clear that invalidity, when raised as an affirmative defense, *may* be adjudicated by the district court "in the interest of finality," but such an adjudication would be solely within the district court's discretion. *Multiform Desiccants, Inc. v. Medzam Ltd.*, 133 F.3d 1473, 1481 (Fed. Cir. 1999). More importantly, the affirmative defense cannot somehow be later converted into a counterclaim. The Court specifically noted that neither a "request for a ruling of invalidity," "the filing of a trial brief," nor "the filing of proposed findings and conclusions on the issue of validity" can turn the affirmative defense into a counterclaim. *Id.* Accordingly, once a defendant chooses to raise invalidity as an affirmative defense, it cannot be guaranteed that the

district court will ever decide the issue, even though such a finding might be "useful" in the event the finding of non-infringement were later reversed. *Id.*

### 3. Collateral estoppel effect of validity findings

When the district court's resolution of the issue of invalidity is not necessary to the judgment, the court's invalidity ruling has no collateral estoppel effect in any possible future dispute between the parties. *Hill-Rom Co. v. Kinetic Concepts, Inc.*, 209 F.3d 1337, 1344 (Fed. Cir. 2000). Accordingly, a party challenging such an unnecessary ruling on appeal lacks standing. *See Parklane Hosiery Corp. v. Shore*, 439 U.S. 322, 326 n.5, 58 L. Ed. 2d 552, 99 S. Ct. 645 (1979) (for collateral estoppel to apply, first court's resolution of issue in question must have been "necessary to the outcome of the first action"); *In re Freeman*, 30 F.3d 1459, 1465-67, 31 U.S.P.Q.2d (BNA) 1444, 1448-49 (Fed. Cir. 1996). Specifically within the trademark context, the Restatement of Judgments notes that in a suit for trademark infringement, a finding that the trademark is valid but not infringed does not preclude the same defendant from asserting the defense of invalidity in subsequent litigation between the parties. *Restatement (Second) of Judgments* § 27 illus. 14 (1982).

The Federal Circuit applied this rationale in *Hill-Rom Co. v. Kinetic Concepts, Inc.*, where the defendant's invalidity argument was raised only as an affirmative defense, and "the district court therefore did not include in the judgment any reference to its ruling on the issue." 209 F.3d at 1344. The Federal Circuit refused to vacate any portion of the court's order because, unlike in *Electrical Fittings*, the judgment contained no reference to the issue of the validity of the patent. *Id.* The Federal Circuit further noted that the district court's resolution of the issue of invalidity was not necessary to the judgment, and therefore, the court's invalidity ruling had "no

6

collateral estoppel effect in any possible future dispute between the parties involving the [patent]." *Id.*

### 4. **Conclusions regarding standing and case or controversy requirements**

In summary, if (1) an invalidity argument is raised solely in the context of an affirmative defense, and (2) the district court determines that no infringement exists, then the Court of Appeals does not have any jurisdiction to review the merits of the district court's ruling on validity. *Electrical Fittings*, 307 U.S. at 242. The only relief available to the prevailing party would be if the district court erroneously included the invalidity decision in its judgment, in which case the appellant would have limited standing solely to ask that the invalidity portion of the ruling be vacated. *Id.*

Here, (1) Ferrari did not raise its invalidity argument as a counterclaim, but rather as an affirmative defense, and (2) the District Court determined that Ferrari did not infringe Unique's trademark. Accordingly, although the District Court had discretion to decide the issue of invalidity, its ruling on the issue was not necessary to the final outcome. This case does, however, present a similar factual scenario to that in *Electrical Fittings*. Like the district court in *Electrical Fittings*, the finding of validity in this case appears in the district court's judgment. Accordingly, it appears as though this Court would have had the limited jurisdiction to address whether or not to vacate the district court's judgment of validity *if Ferrari had raised that issue on appeal*.

### B. **Ferrari's failure to raise argument in initial brief is fatal**

Here, if Ferrari in its initial brief had asked this Court to vacate the District Court's judgment of trademark validity as unnecessary, this Court likely would have had jurisdiction to do so under *Electrical Fittings*. However, Ferrari has never asked this Court for such relief.

Rather, in its briefs Ferrari argued the *merits* of the District Court's decision, asking this Court to review the District Court's factual findings and to address whether the District Court properly applied this Court's *Gift of Learning* decision. Because Ferrari never asked this Court to vacate the District Court's judgment based on the District Court's entry of an unnecessary judgment, it has abandoned any such argument.

A legal claim or argument that has not been briefed before a federal appellate court is deemed abandoned and its merits cannot be addressed. The Federal Rules of Appellate Procedure plainly require that an appellant's initial brief contain, "under appropriate headings and in the order indicated . . . a statement of the issues presented for review." Fed. R. App. P. 28(a)(5). *See United States v. Nealy*, 232 F.3d 825, 830 (11th Cir. 2000) ("Parties must submit all issues on appeal in their initial briefs."); *United States v. Mejia*, 82 F.3d 1032, 1036 n.4 (11th Cir. 1996) (same); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1114 n.1 (11th Cir. 1993) (same); *Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989) (same); *Fed. Sav. & Loan Ins. Corp. v. Haralson*, 813 F.2d 370, 373 (11th Cir. 1987) (same).

Any issue that an appellant wants the Court to address should be specifically and clearly identified in the brief. As this Court explained in *United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003):

> Our requirement that those claims an appellant wishes to have considered on appeal be unambiguously demarcated stems from the obvious need to avoid confusion as to the issues that are in play and those that are not.

*Id.* at 1283 n.8. If an argument is not fully briefed (let alone not presented at all) to the Circuit Court, evaluating its merits would be improper both because the appellants may control the issues they raise on appeal, and because the appellee would have no opportunity to respond to it. *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004).

Even though this Court permitted supplemental briefing on the standing, Ferrari cannot now add a new argument to its appeal. When new authority arises after a brief is filed, this circuit permits parties to submit supplemental authority on "*intervening* decisions or *new* developments" regarding issues already properly raised in the initial briefs. 11th Cir. R. 28-1 I.O.P. 6 (emphasis in original). But parties cannot properly raise new issues at supplemental briefing, even if the issues arise based on the intervening decisions or new developments cited in the supplemental authority. *See McGinnis v. Ingram Equipment Co., Inc.*, 918 F.2d 1491, 1495-96 (11th Cir.1990) (distinguishing between "new arguments and issues not presented until a late stage of the proceedings" and "new law that could be applied to arguments already developed" and noting that waiver usually bars the former situation); *United States v. Nealy*, 232 F.3d 825, 830 (11th Cir. 2000) (holding that in the supplemental brief, the defendant could not properly "raise totally new issues," even if those issues were based on same case cited in original brief). Here, issues regarding Ferrari's standing to appeal and the jurisdiction of this Court to review this matter certainly are not based on intervening decisions or new legal developments.

Ferrari has abandoned any argument that the District Court's judgment of invalidity should be vacated because the finding was unnecessary. Ferrari never asked for such relief in its briefs prior to oral argument, and it cannot ask for it now, regardless of whether it was given an opportunity to submit supplemental briefing.

### III. CONCLUSION

If Ferrari had asked this Court to vacate the District Court's judgment of trademark validity as an unnecessary ruling, it would have enjoyed the limited standing to make such a request, and this Court would have had limited jurisdiction to consider it. However, Ferrari did not ask for such relief, but instead asked for a review of the merits of the District Court's

9

decision on the invalidity affirmative defenses -- an undertaking specifically prohibited by *Electrical Fittings*. Since Ferrari waived the only argument it had standing to assert, this appeal should be dismissed for lack of jurisdiction and lack of appellant standing.

Respectfully submitted,

s/ W. Scott Creasman

W. Scott Creasman
Georgia Bar No. 194860
Amanda G. Hyland
Georgia Bar No. 325115

Attorneys for Appellee
Unique Sports Products, Inc.
